**FILED**

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT EMERSON FELIX,

                    Petitioner - Appellant,

 v.

MICHAEL HENNESSEY, Sheriff,

                    Respondent - Appellee.

No. 10-16984

D.C. No. 3:01-cv-03138-WHA
Northern District of California,
San Francisco

ORDER

Before:  KOZINSKI and GRABER, Circuit Judges, and PONSOR,* Senior District
         Judge.

       The memorandum disposition filed on April 28, 2015, is amended by the

memorandum disposition filed concurrently with this order.

       With these amendments, Appellant's petition for panel rehearing is

DENIED.

              No further petitions shall be entertained.

_____

       *       The Honorable Michael A. Ponsor, Senior United States District
Judge for the District of Massachusetts, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SCOTT EMERSON FELIX,

Petitioner - Appellant,

v.

MICHAEL HENNESSEY, Sheriff,

Respondent - Appellee.

No. 10-16984

MAY 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

D.C. No. 3:01-cv-03138-WHA

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 14, 2015
San Francisco, California

Before:  KOZINSKI and GRABER, Circuit Judges, and PONSOR,[**] Senior
    District Judge.

    Petitioner Scott Emerson Felix appeals from the district court's denial of his

habeas petition under 28 U.S.C. § 2254.  Petitioner raises a due process claim

premised on errors in his 1998 civil commitment trial under California's Sexually

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael A. Ponsor, Senior United States District Judge for the District of Massachusetts, sitting by designation.

Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600-6609.3. The district court denied the petition. Reviewing de novo, Stanley v. Schriro, 598 F.3d 612, 617 (9th Cir. 2010), we affirm.

At the 1998 trial, the jury was instructed that it was required to find, beyond a reasonable doubt, that Petitioner was more likely than not to commit a sexually violent crime in the future. In closing argument, the prosecutor told the jury that it had to find only that Petitioner was "likely to commit sexually violent crimes at some point. . . . It doesn't have to be predatory." Four years later, the California Supreme Court held that the SVPA "contains an implied requirement that a trier of fact must find beyond a reasonable doubt that the defendant is likely to commit sexually violent predatory criminal acts before the defendant can be committed as a sexually violent predator." People v. Hurtado, 52 P.3d 116, 120 (Cal. 2002). That holding rested not on federal or state due process requirements, but on the statutory text and legislative history of the SVPA. Id. at 120–21.

At the outset, the state argues that the case is moot because Petitioner was retried and recommitted in 2006 with the correct jury instruction. But, as Petitioner correctly points out, "but for his [allegedly] unlawful confinement in 1998[,] [he] would not have been subjected to subsequent recommitment hearings." See Jackson v. Cal. Dep't of Mental Health, 399 F.3d 1069, 1075 (9th

2

Cir. 2005) (noting that, when a petitioner is committed involuntarily under the SVPA, "any future petition to recommit [the petitioner] could be traced back, through preceding petitions, to his initial confinement"). That he was retried in 2006 does not preclude Petitioner from challenging his current commitment on the ground that it was caused by the allegedly unconstitutional 1998 proceeding—without which he could not have been retried and recommitted.

Even though the district court had dismissed the case as moot, we may nonetheless affirm because Petitioner's claim that the jury instruction and the prosecutor's statements in the 1998 trial violated his federal due process rights fails on the merits.

A proceeding may violate <u>state</u> law without running afoul of <u>federal</u> due process requirements. <u>See</u> <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). To demonstrate that a misstatement of state law in a jury instruction or a prosecutor's closing argument violated federal due process, a petitioner must show that the error "rendered the ultimate verdict" in the case unreliable. <u>Lankford v. Arave</u>, 468 F.3d 578, 585 (9th Cir. 2006). Petitioner has not made that showing here. In the context of the SVP Act, behavior is "predatory" if it is "directed at a stranger, a casual acquaintance, or

3

someone cultivated for victimization as defined [elsewhere in the Act.]" <u>Hurtado</u>, 52 P.3d at 118. In 1982, Petitioner was convicted of sexual offenses against six different victims. <u>People v. Felix</u>, 87 Cal. Rptr. 3d 482, 484 (Ct. App. 2008). All six were strangers. In the 1998 trial, the state introduced evidence about those crimes, as well as testimony that Petitioner had behaved inappropriately toward two casual acquaintances. The state introduced no evidence that Petitioner ever had committed a sexual offense against a friend or a relative. The testimony concerning Petitioner's girlfriend pertained to emotional and physical abuse, but did not suggest sexual abuse. Thus, there is no "reasonable probability that . . . the result of the proceeding would have been different had the erroneous instruction not been given." <u>Lankford</u>, 468 F.3d at 585 (internal quotation marks omitted) (ellipsis in original).

Petitioner also argues that permitting civil commitment of sexually violent offenders without a finding that they are likely to commit future <u>predatory</u> crimes violates federal due process principles because (1) the absence of such a finding subjects too broad a class of individuals to forcible confinement and (2) the "predatory" qualifier is the functional equivalent of an element of the charge; when a jury instruction omits an element, such omission violates federal due process. We need not decide the merits of these constitutional arguments, though, because

4

there was no "substantial and injurious effect" on the jury's verdict. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993) (internal quotation marks omitted). As we have explained, <u>all</u> of the evidence at the 1998 trial of Petitioner's past sexual crimes and behavior involved strangers and casual acquaintances. Accordingly, any error in the failure to require an express finding that likely future crimes would be committed against strangers or casual acquaintances was harmless beyond a reasonable doubt. <u>Id.</u>

AFFIRMED.